IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carol M.,[1] | ) | Case No.: 5:23-cv-0649-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Daniel J. O'Malley,[2] Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report and Recommendation" or "Report"), under Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Carol M. ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. § 405(g), as amended ("Act"), seeking judicial review of the final decision of the Defendant Martin J. O'Malley, Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under the Act.

Plaintiff filed an application for DIB on June 23, 2017, alleging a disability onset date of January 21, 2016. (DE 6-5, pp. 167-69.) Her application was denied initially (DE 6-3, pp. 68-69), and upon reconsideration. (DE 6-3, p. 91.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (DE 6-4, pp. 106-07), and a hearing was held on September 4, 2019. (DE 6-3, pp. 31-51.) Plaintiff appeared with a non-attorney representative and testified,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

1

and Vocational Expert ("VE") Janette Clifford also testified. (Id.) On October 4, 2019, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (DE 6-2, pp. 10-24, DE 6-9, pp. 698-712.) On December 2, 2019, Plaintiff filed a Request for Review with the Appeals Council. (DE 6-4, pp. 160-63.) After granting Plaintiff an extension (DE 6-2, pp. 8-9), the Appeals Council denied the request for review on July 23, 2020 (DE 6-2, pp. 1-5, DE 6-9, pp. 718-22). On August 25, 2020, Plaintiff filed her Complaint in this Court seeking judicial review of the Commissioner's administrative determination. (DE 1, Case No. 5:20-cv-3048-JD.) The Commissioner filed a Motion to Remand and an Amended Motion to Remand. (Id., DE 18, 19.) The court granted the Amended Motion to Remand in an Order filed on June 3, 2021. (DE 6-9, pp. 724-25.) On July 20, 2021, the Appeals Council issued an Order remanding the case to the ALJ. (Id. at 728-30.)

The ALJ conducted a second administrative hearing on January 26, 2022. (DE 6-8, pp. 671-97), and on March 28, 2022, the ALJ issued a decision again denying Plaintiff's claim (Id. at 645-63.) On April 19, 2022, Plaintiff requested a review of the ALJ's decision from the Appeals Council. (DE 6-10, pp. 807-10.) After granting Plaintiff an extension to submit written exceptions (DE 6-8, pp. 643-44), on June 27, 2022, Plaintiff submitted Written Exceptions to the ALJ's final decision, arguing that the ALJ's decision did not contain adequate residual functional capacity ("RFC") findings in that the ALJ made no allowances for time off-task or the need for extra bathroom breaks because of Plaintiff's migraines and irritable bowel syndrome. (DE 6-12, pp. 898-901.) On December 19, 2022, the Appeals Council determined the ALJ's RFC assessment was reasonably supported, found no grounds for remand, and declined to assume jurisdiction of the case. (DE 6-8, p. 637.) This determination made the ALJ's March 2022 decision the final decision of the Commissioner after remand. (Id.) Plaintiff was instructed that

if she wanted a federal court to review the Commissioner's final decision after remand by the court, she would need to file a new civil action. (Id. at 638.) Plaintiff brought this action seeking judicial review of the Commissioner's decision in a Complaint filed on February 15, 2023. (DE 1.)

The Magistrate Judge issued the Report and Recommendation on December 20, 2023, recommending that the Commissioner's decision be reversed and remanded. (DE 16.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Neither party filed an objection to the Report and Recommendation. Upon review of the Report and the record in this case, the Court finds that there is no clear error on the face of the record, adopts the Report and Recommendation, and incorporates it here by reference. It is hereby **ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings as detailed in the Report.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 5, 2024

4